UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LYNCH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EXPRESS SCRIPTS HOLDING COMPANY,<br><br>　　　　Defendant. | Case No. 23-cv-01170-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 34 |

　　　　Before the Court is Express Scripts Holding Company's motion to dismiss Plaintiff Jonathan Lynch's first amended complaint class action complaint. The motion is fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing currently set for July 3, 2024 is **VACATED**. The Court **GRANTS** Express Scripts' motion to dismiss **WITH LEAVE TO AMEND**.

　　　　The allegations in the first amended complaint are inconsistent throughout the pleading. For example, Lynch alleges that he "used the Express Scripts platform on multiple occasions between April 2022 and December 2022," ECF 25 ¶ 25, then alleges elsewhere that he visited the website "[o]ver the last few years," *id.* ¶ 80, while proposing a class definition that contains no proposed time period. *See id.* ¶ 139.

　　　　Lynch also fails to consistently allege the identity of the company responsible for the interception that is the subject of his complaint. In some of his allegations, Lynch attributes the alleged wiretapping to Express Scripts. *See, e.g.*, ECF 31 ¶ 88 (alleging that Lynch "reasonably expected that visits to Defendant's website would be private, and that Defendant would not be intercepting or tapping their communications with Defendant's website . . . ."); *see also id.* ¶ 89 (alleging Lynch "reasonably believed . . . interactions with Defendant's website were private and

would not be recorded or monitored for a later playback by Defendant, or worse yet, monitored live while Plaintiff and Class Members were on its website."); ¶ 93 (alleging that Express Scripts "surreptitiously collected" Lynch's communications "to gain an unlawful understanding of the habits and preferences of users to its websites," solely for Express Scripts' own benefit); ¶ 94 ("Defendant's use of the Facebook Pixel spyware to intercept Plaintiff's and Class Members' electronic communications did not facilitate, was not instrumental, and was not incidental to the transmission of Plaintiff's and Class Members' electronic communications with Defendant's website."). Elsewhere, Lynch alleges that Facebook is intercepting the communications between him and the Express Scripts website. *See, e.g.*, *id.* ¶ 165 ("Defendant aided and abetted the interception of components of Plaintiff's and Class Members' private electronic communications and transmissions by a third-party, Facebook, when Plaintiff and other Class Members accessed Defendant's website from within the State of California."); *see also id.* ¶ 166 ("Plaintiff and Class Members did not know Defendant was engaging in such interception by a third-party and therefore could not provide consent to have any part of their private electronic communications intercepted with the aiding and abetting of Defendant."); ¶ 167 ("Plaintiff and Class Members were completely unaware that Defendant had assisted a third-party, Facebook, to intercept and store electronic communications and other personal data until well after it had already occurred and were therefore unable to consent.").

Lynch's allegations about whether Express Scripts is a healthcare provider also contradict themselves, which is made clear by the arguments he advances in opposition to Express Scripts' motion to dismiss. For example, in connection with his claim under the California Confidentiality of Medical Information Act ("CMIA"), Lynch alleges, in paragraph 186 of the operative complaint that "Defendant is a provider of healthcare within the meaning of Civil Code § 56.06(a)." Then, in connection with his claim under the California Consumer Privacy Act ("CCPA"), Lynch alleges, in paragraph 195 of his complaint, that "Defendant is a 'business' as that term is defined in Cal. Civ. Code. § 1798.140(c)," adding a corresponding assertion in his opposition brief that "Defendant Express Scripts Holding Company – the only entity that Plaintiff sued in this lawsuit – 'is not a pharmacy or a health care provider.' " ECF 38 at 30. Just pages

before, however, Lynch asserts the opposite in connection with his CMIA claim: "Defendant is a healthcare provider within the meaning of the CMIA." *Id.* at 25.

Given these pleading inconsistencies, the Court **GRANTS** Express Scripts' motion to dismiss **WITH LEAVE TO AMEND**.  Within 21 days, Lynch may file a second amended complaint that cures the deficiencies described above.  Lynch may not, however, add new claims or parties without Express Scripts' consent or leave of Court obtained by motion under Rule 15.  In addition, although the operative complaint does not indicate that Lynch is pleading any of his claims in the alternative, if he intends to do so, he must make that explicit in his second amended complaint.

**IT IS SO ORDERED.**

Dated: June 28, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**