TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

WHITNEY R. O'BYRNE (CA SBN 325698)
WObyrne@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
EXPRESS SCRIPTS HOLDING COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JONATHAN LYNCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPRESS SCRIPTS HOLDING COMPANY,<br><br>Defendant. | Case No. 4:23-cv-01170-AMO<br><br>**DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Judge:  Hon. Araceli Martínez-Olguín<br><br>Action Filed:  March 15, 2023<br>Trial Date: N/A |

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

## EXPRESS SCRIPTS' ANSWER TO THIRD AMENDED COMPLAINT

Defendant Express Scripts Holding Company ("Express Scripts" or "Defendant") answers the Third Amended Complaint ("TAC") of Plaintiff Jonathan Lynch ("Plaintiff") dated August 26, 2025, as follows:

## NATURE OF THE ACTION

1. Defendant admits that Plaintiff purports to bring a class action against Defendant for alleged violations of the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510-2523, and the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631. Defendant denies that a class can be certified in this case. Defendant admits that it hosts a website, express-scripts.com, and offers a mobile application. Other than as expressly admitted, Defendant denies the remaining allegations in Paragraph 1.

2. To the extent Paragraph 2 references or purports to summarize, quote, or interpret the Wiretap Act, the statute speaks for itself and Defendant denies any characterization that is inconsistent with its content. Further, Defendant states that insofar as the allegations in Paragraph 2 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

3. Defendant states that insofar as the allegations in Paragraph 3 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

4. Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 4 purports to assert allegations concerning those dismissed claims or theories, no response is required. Defendant otherwise denies the allegations in

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-1170-AMO

Paragraph 4.

5.    Defendant states that insofar as the allegations in Paragraph 5 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant denies any alleged violation of the Wiretap Act.

6.    Defendant states that insofar as the allegations in Paragraph 6 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant denies any alleged violation of California Penal Code Section 631.

7.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 7 purports to assert allegations concerning those dismissed claims or theories, no response is required.  Defendant admits that the Facebook Pixel has been used on certain Express Scripts webpages.  Other than as expressly admitted, Defendant denies the remaining allegations in Paragraph 7.

8.    Defendant denies the allegations in Paragraph 8.

9.    Defendant denies the allegations in Paragraph 9.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11.    Defendant denies the allegations in Paragraph 11.

### JURISDICTION AND VENUE

12.    Defendant states that insofar as the allegations in Paragraph 12 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

13.    Defendant states that insofar as the allegations in Paragraph 13 state conclusions of

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-1170-AMO

law, no response is required, and Defendant denies the allegations on that basis.

14.    Defendant states that insofar as the allegations in Paragraph 14 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

15.    Defendant admits that Plaintiff alleges that he seeks relief under 18 U.S.C. § 2510 and Cal. Penal Code § 631.  Other than as expressly admitted, Defendant denies the allegations in Paragraph 15.

16.    Defendant states that insofar as the allegations in Paragraph 16 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

17.    Defendant admits that Defendant conducts business within California.  Defendant states that insofar as the remaining allegations in Paragraph 17 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

18.    Defendant states that insofar as the allegations in Paragraph 18 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

19.    Defendant states that insofar as the allegations in Paragraph 19 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

## PARTIES TO THE LITIGATION

20.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 20 purports to assert allegations concerning those dismissed claims or theories, no response is required.  To the extent a response is required, Defendant denies the remaining allegations in Paragraph 20 or otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

21.    Defendant admits the allegations in Paragraph 21.

### DEFENDANT'S USE OF FACEBOOK PIXEL

22.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 22 purports to assert allegations concerning those dismissed claims or theories, no response is required.  Defendant otherwise denies the allegations in Paragraph 22.

23.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 23 purports to assert allegations concerning those dismissed claims or theories, no response is required.  Defendant admits that the Facebook Pixel has been used on certain Express Scripts webpages.  Defendant otherwise denies the allegations in Paragraph 23.

24.    To the extent Paragraph 24 references or purports to summarize, quote, or interpret Facebook materials, those materials speak for themselves and Defendant denies any characterization that is inconsistent with their content.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies them.

25.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged

interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 25 purports to assert allegations concerning those dismissed claims or theories, no response is required.  Defendant otherwise denies the allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28.     Defendant denies the allegations in Paragraph 28.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them.

31.     Defendant denies that any data was "unlawfully shared." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32.     Defendant denies the allegations in Paragraph 32.

**FACTS SPECIFIC TO DEFENDANT**

33.     Defendant admits the allegations in Paragraph 33.

34.     Defendant denies that it "is publicly traded on NASDAQ" as Express Scripts Holding Co., as phrased in the Complaint.  Defendant admits that it had gross revenues of more than $25 billion in 2018.

35.     Defendant admits that it is a pharmacy benefit manager.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 35 and therefore denies them.

36. Defendant admits the allegations in Paragraph 36.

37. Defendant contends that, to the extent Paragraph 37 references or purports to summarize, interpret, or quote any webpage or third-party materials, those materials speak for themselves, and Defendant denies any characterization that is inconsistent with their content. Defendant admits that Cigna's 2021 Form 10-K states that Express Scripts Pharmacy dispenses approximately 1.6 billion adjusted prescriptions annually to members of pharmacy plans managed by Express Scripts PBM. Defendant denies the remaining allegations in Paragraph 37.

38. Defendant admits that there are thousands of Express Scripts locations in the United States. Defendant otherwise denies the allegations in Paragraph 38.

39. Defendant admits the allegations in Paragraph 39.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies them. Defendant also states that the source cited in support of this allegation does not appear to contain the alleged information.

### HOW FACEBOOK PIXEL WORKS

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies them.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

45. Defendant lacks knowledge or information sufficient to form a belief as to the

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

truth of the allegations in Paragraph 45 and therefore denies them.

46.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

47.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

48.    Defendant responds that, to the extent Paragraph 48 references or purports to summarize, interpret, or quote any webpage or third-party materials, those materials speak for themselves, and Defendant denies any characterization that is inconsistent with their content. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore denies them.

49.    Defendant responds that, to the extent Paragraph 49 references or purports to summarize, interpret, or quote any webpage or third-party materials, those materials speak for themselves, and Defendant denies any characterization that is inconsistent with their content. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore denies them.

50.    Defendant responds that, to the extent Paragraph 50 references or purports to summarize, interpret, or quote any webpage or third-party materials, those materials speak for themselves, and Defendant denies any characterization that is inconsistent with their content. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and therefore denies them.

51.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore denies them.

52.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged

interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). Defendant states that insofar as the allegations in Paragraph 52 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant otherwise denies the allegations in Paragraph 52.

53.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). Defendant denies the remaining allegations in Paragraph 53.

54.    Defendant denies the allegations in Paragraph 54.

55.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). Defendant denies the remaining allegations in Paragraph 55.

56.    Defendant states that insofar as the allegations in Paragraph 56 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant otherwise denies the allegations in Paragraph 56.

57.    Defendant states that insofar as the allegations in Paragraph 57 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant otherwise denies the allegations in Paragraph 57.

58.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 and therefore denies them.

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

59.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

60.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 and therefore denies them.

61.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 and therefore denies them.

62.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and therefore denies them.

63.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and therefore denies them.

64.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 and therefore denies them.

65.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 and therefore denies them.

66.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and therefore denies them.

67.    Defendant responds that, to the extent Paragraph 67 references or purports to summarize, interpret, or quote any webpage or third-party materials, those materials speak for themselves, and Defendant denies any characterization that is inconsistent with their content. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and therefore denies them.

68.    Defendant responds that, to the extent Paragraph 68 references or purports to summarize, interpret, or quote any webpage or third-party materials, those materials speak for themselves, and Defendant denies any characterization that is inconsistent with their content.

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

Defendant admits that the Facebook Pixel has been used on certain Express Scripts webpages. Defendant denies that the _fbp cookie "masquerades as a first-party cookie to evade third-party cookie blockers." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and therefore denies them.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them.

70.     Defendant denies the allegations in Paragraph 70.

## FACTS SPECIFIC TO PLAINTIFF AND CLASS MEMBERS

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

74.     Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 74 purports to assert allegations concerning those dismissed claims or theories, no response is required.  Defendant further states that insofar as the allegations in Paragraph 74 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant otherwise denies the allegations in Paragraph 74.

75.     Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 75 purports to assert allegations concerning those dismissed claims or theories, no response is required. Defendant further states that insofar as the allegations in Paragraph 75 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant otherwise denies the allegations in Paragraph 75.

76.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 76 purports to assert allegations concerning those dismissed claims or theories, no response is required. Defendant denies the remaining allegations in Paragraph 76.

77.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 77 purports to assert allegations concerning those dismissed claims or theories, no response is required. Defendant further states that insofar as the allegations in Paragraph 77 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant otherwise denies the allegations in Paragraph 77.

78.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 regarding Plaintiff's and Class Members' reasonable expectations and therefore denies them. Defendant further states that insofar as the allegations in

Paragraph 78 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant otherwise denies the allegations in Paragraph 78.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 regarding Plaintiff's and Class Members' reasonable beliefs and therefore denies them. Defendant further states that insofar as the allegations in Paragraph 79 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

80. Defendant admits that the Facebook Pixel has been used on certain Express Scripts webpages. Defendant denies the remaining allegations in Paragraph 80.

81. Defendant states that insofar as the allegations in Paragraph 81 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

82. Defendant states that insofar as the allegations in Paragraph 82 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

83. Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 83 purports to assert allegations concerning those dismissed claims or theories, no response is required. Defendant further states that insofar as the allegations in Paragraph 83 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant otherwise denies the allegations in Paragraph 83.

84. Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was

dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 84 purports to assert allegations concerning those dismissed claims or theories, no response is required. Defendant further states that insofar as the allegations in Paragraph 84 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant otherwise denies the allegations in Paragraph 84.

85.     Defendant denies the allegations in Paragraph 85.

86.     Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 86 purports to assert allegations concerning those dismissed claims or theories, no response is required. Defendant otherwise denies the allegations in Paragraph 86.

87.     Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 87 purports to assert allegations concerning those dismissed claims or theories, no response is required. Defendant further states that insofar as the allegations in Paragraph 87 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant otherwise denies the allegations in Paragraph 87.

88.     Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was

dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 88 purports to assert allegations concerning those dismissed claims or theories, no response is required.  Defendant further states that insofar as the allegations in Paragraph 88 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant otherwise denies the allegations in Paragraph 88.

89.     Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 89 purports to assert allegations concerning those dismissed claims or theories, no response is required.  Defendant further states that insofar as the allegations in Paragraph 89 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant otherwise denies the allegations in Paragraph 89.

90.     Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 90 purports to assert allegations concerning those dismissed claims or theories, no response is required.  Defendant further states that insofar as the allegations in Paragraph 90 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant otherwise denies the allegations in Paragraph 90.

91.     Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was

dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 91 purports to assert allegations concerning those dismissed claims or theories, no response is required.  Defendant further states that insofar as the allegations in Paragraph 91 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant otherwise denies the allegations in Paragraph 91.

92.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 92 purports to assert allegations concerning those dismissed claims or theories, no response is required.  Defendant further states that insofar as the allegations in Paragraph 92 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant otherwise denies the allegations in Paragraph 92.

## FACEBOOK PIXEL EAVESDROPPING ON DEFENDANT'S PLATFORM

93.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies them.

94.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies them.

95.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies them.

96.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies them.

97.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 97 purports to assert allegations concerning those dismissed claims or theories, no response is required.  Defendant otherwise denies the allegations in Paragraph 97.

98.    Defendant states that insofar as the allegations in Paragraph 98 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant otherwise denies the allegations in Paragraph 98.

99.    Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act and CIPA claims were dismissed without leave to amend to the extent they are based on the alleged interception of non-health-related personal information, and Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 99 purports to assert allegations concerning those dismissed claims or theories, no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 99.

**COMMUNICATIONS WITH EXPRESS SCRIPTS ARE CONFIDENTIAL BY NATURE**

100.    Defendant responds that, to the extent Paragraph 100 references or purports to summarize, quote, or interpret HIPAA, its regulations, HHS guidance, or other legal authority, those authorities speak for themselves, and Defendant denies any characterization that is inconsistent with their content.  Defendant states that insofar as the remaining allegations in Paragraph 100 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

101.    Defendant responds that, to the extent Paragraph 101 references or purports to summarize, quote, or interpret HIPAA, its regulations, HHS guidance, or other legal authority,

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

those authorities speak for themselves, and Defendant denies any characterization that is inconsistent with their content. Defendant states that insofar as the remaining allegations in Paragraph 101 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

102. Defendant responds that, to the extent Paragraph 102 references or purports to summarize, quote, or interpret HIPAA, its regulations, HHS guidance, or other legal authority, those authorities speak for themselves, and Defendant denies any characterization that is inconsistent with their content. Defendant states that insofar as the remaining allegations in Paragraph 102 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

103. Defendant responds that, to the extent Paragraph 103 references or purports to summarize, quote, or interpret HIPAA, its regulations, HHS guidance, or other legal authority, those authorities speak for themselves, and Defendant denies any characterization that is inconsistent with their content. Defendant states that insofar as the remaining allegations in Paragraph 103 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

104. Defendant responds that, to the extent Paragraph 104 references or purports to summarize, quote, or interpret HIPAA, its regulations, HHS guidance, or other legal authority, those authorities speak for themselves, and Defendant denies any characterization that is inconsistent with their content. Defendant states that insofar as the remaining allegations in Paragraph 104 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

105. Defendant responds that, to the extent Paragraph 105 references or purports to summarize, quote, or interpret HIPAA, its regulations, HHS guidance, or other legal authority,

those authorities speak for themselves, and Defendant denies any characterization that is inconsistent with their content. Defendant states that insofar as the remaining allegations in Paragraph 105 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

106.    Defendant responds that, to the extent Paragraph 106 references or purports to summarize, quote, or interpret HIPAA, its regulations, HHS guidance, or other legal authority, those authorities speak for themselves, and Defendant denies any characterization that is inconsistent with their content. Defendant states that insofar as the remaining allegations in Paragraph 106 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

107.    Defendant admits that Express Scripts is a covered entity under HIPAA and, under certain circumstances, collects some information that qualifies as protected health information from users. Defendant otherwise denies the allegations in Paragraph 107.

108.    Defendant denies that there was any "disclosure of patient status and health information to Facebook" and denies the allegations in Paragraph 108 on that basis.

109.    Defendant states that insofar as the allegations in Paragraph 109 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant denies the remaining allegations in Paragraph 109.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies them.

## CLASS ACTION ALLEGATIONS

111.    Defendant admits that Plaintiff purports to bring a class action against Defendant and represent a nationwide class and a California subclass. Defendant denies that class treatment is appropriate. Other than as expressly admitted, Defendant denies the allegations in Paragraph

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

111.

112.    Defendant admits that Plaintiff purports to bring a class action against Defendant and represent a nationwide class and a California subclass. Defendant denies that class treatment is appropriate. Other than as expressly admitted, Defendant denies the allegations in Paragraph 112.

113.    Defendant states that insofar as the allegations in Paragraph 113 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

114.    Defendant states that insofar as the allegations in Paragraph 114 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

115.    Defendant states that insofar as the allegations in Paragraph 115 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

116.    Defendant states that insofar as the allegations in Paragraph 116 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

117.    Defendant states that insofar as the allegations in Paragraph 117 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

118.    Defendant states that insofar as the allegations in Paragraph 118 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

119.    Defendant states that insofar as the allegations in Paragraph 119 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

120.    Defendant states that insofar as the allegations in Paragraph 120 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

121.    Defendant states that insofar as the allegations in Paragraph 121 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

**TOLLING**

122.    Defendant states that insofar as the allegations in Paragraph 122 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant denies the remaining allegations in Paragraph 122.

123.    Defendant states that insofar as the allegations in Paragraph 123 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant denies the remaining allegations in Paragraph 123.

124.    Defendant states that insofar as the allegations in Paragraph 124 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant denies the remaining allegations in Paragraph 124.

125.    Defendant states that insofar as the allegations in Paragraph 125 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  Defendant denies the remaining allegations in Paragraph 125.

**CAUSES OF ACTION**

**COUNT I**
**Violation Of The Wiretap Act**
**18 U.S.C. § 2510 et seq.**

126.    Defendant realleges and incorporates its responses to the preceding allegations of the TAC.

127.    To the extent Paragraph 127 references or purports to summarize, quote, or interpret the Wiretap Act, the statute speaks for itself and Defendant denies any characterization that is inconsistent with its content.  Further, Defendant states that insofar as the allegations in Paragraph 127 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

128.    To the extent Paragraph 128 references or purports to summarize, quote, or

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

interpret the Wiretap Act, the statute speaks for itself and Defendant denies any characterization that is inconsistent with its content. Further, Defendant states that insofar as the allegations in Paragraph 128 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

129. Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 129 purports to assert a Wiretap Act aiding-and-abetting theory, no response is required. Defendant further states that insofar as the allegations in Paragraph 129 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations in Paragraph 129.

130. Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 130 purports to assert a Wiretap Act aiding-and-abetting theory, no response is required. Defendant further states that insofar as the allegations in Paragraph 130 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations in Paragraph 130.

131. To the extent Paragraph 131 references or purports to summarize, quote, or interpret the Wiretap Act, the statute speaks for itself and Defendant denies any characterization that is inconsistent with its content. Further, Defendant states that insofar as the allegations in Paragraph 131 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

132. Pursuant to the Court's June 17, 2026 Order, Plaintiff's Wiretap Act claim was dismissed without leave to amend to the extent it is based on an aiding-and-abetting theory (ECF No. 77). To the extent Paragraph 132 purports to assert a Wiretap Act aiding-and-abetting theory,

no response is required. Defendant further states that insofar as the allegations in Paragraph 132 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations in Paragraph 132.

## COUNT II
**Unlawful Wiretapping and Interception of Electronic Communication**
**California Penal Code § 631**
**(On Behalf of Plaintiff and the California Subclass)**

133. Defendant admits that Plaintiff purports to bring this count individually and on behalf of members of a proposed class. Defendant denies that class treatment is appropriate. Other than as expressly admitted, Defendant denies the allegations in Paragraph 133.

134. Defendant realleges and incorporates its responses to the preceding allegations of the TAC. Defendant admits that Plaintiff purports to bring this count individually and on behalf of members of a proposed class. Defendant denies that class treatment is appropriate. Other than as expressly admitted, Defendant denies the allegations in Paragraph 134.

135. Defendant states that insofar as the allegations in Paragraph 135 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations in Paragraph 135.

136. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 regarding Plaintiff's or Class Members' awareness or consent and therefore denies them. Defendant denies the remaining allegations in Paragraph 136.

137. Defendant denies the allegations in Paragraph 137.

138. To the extent Paragraph 138 references or purports to summarize, quote, or interpret the California Invasion of Privacy Act, the statute speaks for itself and Defendant denies any characterization that is inconsistent with its content. Further, Defendant states that insofar as the allegations in Paragraph 138 state conclusions of law, no response is required, and Defendant

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

denies the allegations on that basis.

139.   To the extent Paragraph 139 references or purports to summarize, quote, or interpret the California Invasion of Privacy Act or other legal authority, that authority speaks for itself and Defendant denies any characterization that is inconsistent with its content.  Further, Defendant states that insofar as the allegations in Paragraph 139 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

140.   To the extent Paragraph 140 references or purports to summarize, quote, or interpret the California Invasion of Privacy Act or other legal authority, that authority speaks for itself and Defendant denies any characterization that is inconsistent with its content.  Further, Defendant states that insofar as the allegations in Paragraph 140 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

141.   To the extent Paragraph 141 references or purports to summarize, quote, or interpret the California Invasion of Privacy Act or other legal authority, that authority speaks for itself and Defendant denies any characterization that is inconsistent with its content.  Further, Defendant states that insofar as the allegations in Paragraph 141 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

142.   To the extent Paragraph 142 references or purports to summarize, quote, or interpret the California Invasion of Privacy Act, the statute speaks for itself and Defendant denies any characterization that is inconsistent with its content.  Further, Defendant states that insofar as the allegations in Paragraph 142 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.

143.   Defendant states that insofar as the allegations in Paragraph 143 state conclusions of law, no response is required, and Defendant denies the allegations on that basis.  To the extent a response is required, Defendant denies the allegations in Paragraph 143.

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

144. Defendant states that insofar as the allegations in Paragraph 144 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations in Paragraph 144.

145. Defendant states that insofar as the allegations in Paragraph 145 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations in Paragraph 145.

146. Defendant states that insofar as the allegations in Paragraph 146 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations in Paragraph 146.

147. Defendant states that insofar as the allegations in Paragraph 147 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations in Paragraph 147.

148. Defendant states that insofar as the allegations in Paragraph 148 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations in Paragraph 148.

149. Defendant states that insofar as the allegations in Paragraph 149 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations in Paragraph 149.

150. Defendant contends that, to the extent Paragraph 150 references or purports to summarize, quote, or interpret California Penal Code § 631, the statute speaks for itself. Defendant states that insofar as the allegations in Paragraph 150 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations in Paragraph 150.

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

## COUNT III
### Violation of the California Confidentiality of Medical Information Act
### Cal. Civ. Code § 56, et seq.
### (On Behalf of Plaintiff and the California Subclass)

151.    Defendant admits that Plaintiff purports to bring this count individually and on behalf of members of a proposed class.  Defendant denies that class treatment is appropriate. Other than as expressly admitted, Defendant denies the remaining allegations in Paragraph 151.

152.    Defendant realleges and incorporates its responses to the preceding allegations of the TAC.

153.    Defendant states that insofar as the allegations in Paragraph 153 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant further contends that, to the extent Paragraph 153 references or purports to summarize, quote, or interpret the CMIA, the California Civil Code, or any other legal authority, those authorities speak for themselves.  To the extent a response is required, Defendant denies the allegations.

154.    Defendant states that insofar as the allegations in Paragraph 154 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant further contends that, to the extent Paragraph 154 references or purports to summarize, quote, or interpret the CMIA, the California Civil Code, or any other legal authority, those authorities speak for themselves.  To the extent a response is required, Defendant denies the allegations.

155.    Defendant states that insofar as the allegations in Paragraph 155 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant further contends that, to the extent Paragraph 155 references or purports to summarize, quote, or interpret the CMIA, the California Civil Code, or any other legal authority, those authorities speak for themselves.  To the extent a response is required, Defendant denies the allegations.

156.    Defendant states that insofar as the allegations in Paragraph 156 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations.

157.    Defendant states that insofar as the allegations in Paragraph 157 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant further contends that, to the extent Paragraph 157 references or purports to summarize, quote, or interpret the CMIA, the California Civil Code, or any other legal authority, those authorities speak for themselves.  To the extent a response is required, Defendant denies the allegations.

158.    Defendant states that insofar as the allegations in Paragraph 158 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant further contends that, to the extent Paragraph 158 references or purports to summarize, quote, or interpret the CMIA, the California Civil Code, or any other legal authority, those authorities speak for themselves.  To the extent a response is required, Defendant denies the allegations.

159.    Defendant states that insofar as the allegations in Paragraph 159 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations.

160.    Defendant states that insofar as the allegations in Paragraph 160 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations.

161.    Defendant denies the allegations in Paragraph 161.

162.    Defendant states that insofar as the allegations in Paragraph 162 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations.

163.    Defendant states that insofar as the allegations in Paragraph 163 state conclusions

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-1170-AMO

of law, no response is required, and Defendant denies the allegations on that basis. To the extent a response is required, Defendant denies the allegations.

164.     Defendant states that insofar as the allegations in Paragraph 164 state conclusions of law, no response is required, and Defendant denies the allegations on that basis. Defendant further contends that, to the extent Paragraph 164 references or purports to summarize, quote, or interpret the CMIA, the California Civil Code, or any other legal authority, those authorities speak for themselves.  To the extent a response is required, Defendant denies the allegations.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff and putative class members are entitled to any of the requested relief, including the relief requested under the section entitled "Prayer for Relief."

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the TAC, Express Scripts does not, by stating the matters set forth in these defenses, assume the burden of proof or persuasion on any matters as to which Plaintiff has the burden of proof or persuasion.  The following affirmative defenses are based on Express Scripts' knowledge, information, and belief at this time, and Express Scripts expressly reserves the right to amend, modify, or supplement these defenses as additional facts are developed through discovery and investigation.

### FIRST AFFIRMATIVE DEFENSE

#### (Lack of Standing)

Plaintiff's and the putative class's claims are barred, in whole or in part, because Plaintiff and the putative class suffered no concrete injury sufficient for Article III standing.

### SECOND AFFIRMATIVE DEFENSE

#### (Express Consent)

Plaintiff's and the putative class's claims are barred, in whole or in part, to the extent Plaintiff and/or putative class members consented to the conduct alleged in the TAC, including through disclosures regarding Express Scripts' use of third-party technologies.

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

## THIRD AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiff's and the putative class's claims are barred to the extent Plaintiff and/or putative class members assumed the risk of sharing personal information, including health information, with a public website and to the extent Plaintiff and putative class members were aware that Express Scripts used third-party technology on its website.

## FOURTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

Plaintiff's and the putative class's claims fail because Express Scripts at all times acted in good faith and in compliance with applicable state laws and regulations.

## FIFTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

Plaintiff's and the putative class's claims are barred, in whole or in part, because at all times Express Scripts substantially complied with any applicable law, statutes, and/or regulations.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent that they failed to bring their causes of action within the time period required by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Injury and No Damage)

Plaintiff's and the putative class's claims fail, in whole or in part, because they have not suffered any actual injury or damage based on the purported conduct at issue in this litigation.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver, Ratification, Acquiescence, Estoppel)

Plaintiff's and the putative class's claims are barred, in whole or in part, by the doctrines of waiver, ratification, acquiescence, and/or estoppel by reason of Plaintiff's and putative class members' actions and course of conduct to the extent they chose to interact with the Express

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

Scripts website, as alleged in the TAC, after receiving notice that Express Scripts used third-party technology.

### NINTH AFFIRMATIVE DEFENSE

### (Statutory Exception Applies)

Plaintiff's claims are barred, in whole or in part, because an applicable law, statute, or regulation provides an exception from liability for Express Scripts, such as CIPA's party-to-the-communication exception. *See Javier v. Assurance IQ, LLC*, No. 20-CV-02860-CRB, 2023 WL 114225, at *6 (N.D. Cal. Jan. 5, 2023).

### TENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

To the extent Plaintiff claims exemplary or punitive damages, such awards are prohibited under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Alternatively, to the extent Plaintiff claims exemplary or punitive damages, they fail to allege claims or injury sufficient to entitle them to such an award.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Scienter)

Plaintiff's and the putative class's claims are barred, in whole or in part, because Express Scripts lacked the requisite scienter, intent, knowledge, and/or willfulness required to establish liability under the statutes alleged in the TAC.

### TWELFTH AFFIRMATIVE DEFENSE

### (Implied Consent)

Without admitting that any interception occurred, Plaintiff's and the putative class's claims are barred, in whole or in part, because Plaintiff and the putative class voluntarily used the website after receiving adequate notice of the challenged practices at issue.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Interception)

Plaintiff's and the putative class's claims are barred, in whole or in part, because to the extent any third party received information from the website, such receipt was not an interception

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

of a communication.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ordinary Course of Business)

Plaintiff's and the putative class's claims are barred, in whole or in part, because to the extent any information was collected, it was in the ordinary course of operating the website.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Reasonable Expectation of Privacy)

Plaintiff's and the putative class's claims are barred, in whole or in part, because the allegedly collected information was voluntarily transmitted to a commercial website without a reasonable expectation that it would remain private.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Protected Communication)

Plaintiff's and the putative class's claims are barred, in whole or in part, because the allegedly collected information does not qualify as a "communication," "content," or other category protected by the statutes at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's and the putative class's claims are barred, in whole or in part, by the doctrine of unclean hands to the extent that Plaintiff engaged in inequitable conduct related to the controversy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation)

Express Scripts may presently lack sufficient knowledge or information to determine whether additional affirmative defenses may apply. Express Scripts therefore reserves the right to amend this Answer to assert additional affirmative defenses that become available or apparent through discovery, investigation, or otherwise, subject to the Federal Rules of Civil Procedure and any applicable scheduling order. Express Scripts further reserves the right to amend its Answer to assert additional defenses based upon facts learned in discovery, changes in controlling

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO

law, or other matters that could not reasonably have been known at the time this Answer was filed.

Dated: July 8, 2026                              MORRISON & FOERSTER LLP


                                                 By: */s/ Tiffany Cheung*
                                                     Tiffany Cheung
                                                     Whitney O'Byrne

                                                     *Attorneys for Defendant*
                                                     EXPRESS SCRIPTS HOLDING
                                                     COMPANY

DEFENDANT EXPRESS SCRIPTS HOLDING COMPANY'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 4:23-CV-01170-AMO